UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS O'NEAL PERRY,

    Plaintiff,

v.

SANTA ROSA POLICE DEP'T, et al.,

    Defendants.

No. C 14-4039 MEJ (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## DISCUSSION

### A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the .... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

According to the complaint, on April 8, 2014, Plaintiff was cleaning an apartment after being hired by the tenant to do so. At approximately 10:30a.m. the property owner entered the apartment with an officer from the Santa Rosa Police Department. The officer approached Plaintiff and asked why he was there. Plaintiff explained that he had been hired to clean the residence. The officer asked Plaintiff to spread his legs and place his hands on his head. Plaintiff complied. However, Plaintiff reached his left hand down at one point to pull his pants up, and the officer hit Plaintiff's left wrist with a hard object and directed him to again place his hands on his head. As Plaintiff returned his hands to his head, he felt his pants falling down again. When he went to pull them up again, the officer hit his left hand a second time. The officer began to retrieve his handcuffs and informed Plaintiff he was under arrest. Plaintiff attempted to flee but was detained in front of a nearby grocery store. Plaintiff told the officer "You broke my arm dude," but the officer proceeded to place

Plaintiff's hands behind his back and handcuff him. As Plaintiff was placed in the police car, he repeatedly told the officer, as well as a second officer, that his arm was broken.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted). Liberally construed, the complaint adequately alleges a claim for excessive force in violation of the Fourth Amendment.

The problem for Plaintiff, however, is that he has not provided names for either of the officers and has not identified them as defendants in his complaint. Plaintiff will be given an opportunity to amend his complaint to specifically name the officers as defendants. If Plaintiff files an amended complaint, he is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. If Plaintiff files an amended complaint, Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the officers and provide that information to the Court in his amended complaint. The burden remains on the Plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

The complaint does not state a claim against the defendants for which Plaintiff did provide names: the Santa Rosa Police Department and Santa Rosa Service Officer Mr. Jauregui. The Santa Rosa Police Department is an arm of the City of Santa Rosa. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that an entity is

liable simply because it employs a person who has violated a plaintiff's rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The City of Santa Rosa does not have liability based solely on the fact that it employed the alleged wrongdoing officers. However, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell, 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. The municipal defendant is dismissed. Plaintiff is granted leave to file an amended complaint in which he may attempt to allege a Monell claim against the City of Santa Rosa.

As for defendant Santa Rosa Service Officer Mr. Jauregui, Plaintiff adds no facts whatsoever linking Mr. Jauregui to his allegations of wrongdoing. If Plaintiff files an amended complaint and keeps Mr. Jauregui as a defendant, he must set forth specific facts showing how Mr. Jauregui actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff will be provided with twenty-eight days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

### CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight (28)** days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-4039 MEJ (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to**

**file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 2, 2014

Maria-Elena James
United States Magistrate Judge